Mark C. Rose, #13855
Brian J. Porter, #14291
**McKay, Burton & Thurman, P.C.**
Parkview Plaza I
2180 South 1300 East, Suite 400
Salt Lake City, Utah 84106
Telephone: (801) 521-4135
Facsimile: (801) 521-4252
E-mail: mrose@mbt-law.com
E-mail: bporter@mbt-law.com
*Proposed Attorneys for Debtor and
Debtor-in-Possession Wohali Land Estates, LLC*

**THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH**

| In re:<br><br>WOHALI LAND ESTATES, LLC,<br><br>Debtor. | Bankruptcy Case 25-24610<br>(Chapter 11)<br><br>Judge Peggy Hunt |
|---|---|

**APPLICATION TO EMPLOY MCKAY, BURTON & THURMAN, P.C.
AS THE DEBTOR'S GENERAL BANKRUPTCY COUNSEL**

Pursuant to 11 U.S.C. §§ 327, 328, 329 and 330, Federal Rules of Bankruptcy Procedure 1107, 2014, and 2016, and the Local Rules of Practice, Debtor and Debtor-in-Possession Wohali Land Estates, LLC ("Debtor") hereby files this application to employ McKay, Burton & Thurman, P.C. ("MBT") as its general bankruptcy counsel.

In support of this Application, Debtor respectfully states as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.  This is a core proceeding under 28 U.S.C. § 157(b).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1408 and 1409.

**BACKGROUND AND RETENTION OF MBT**

4. On July 17, 2025, MBT and Debtor entered into an engagement agreement (as amended, restated, amended and restated, or supplemented from time to time in accordance with its terms, the "Engagement Agreement") effective as of July 17, 2025 pursuant to which Debtor retained MBT to provide legal services to Debtor in connection with the consideration of strategic alternatives, including a potential bankruptcy filing under chapter 11 of the Bankruptcy Code by Debtor.

5. Since entering into the Engagement Agreement, Debtor and MBT have worked closely with respect to the matters set forth therein.

6. As a result, MBT has become generally familiar with Debtor's financial affairs as well as many of the potential legal issues that might arise in the context of Debtor's Chapter 11 case.

7. MBT has provided advice to and assisted Debtor with respect to its restructuring efforts and aided Debtor in the preparation of this Chapter 11 case, including preparing and drafting various documents and pleadings in connection with this Chapter 11 case.

8. On August 8, 2025 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of the bankruptcy code.

9. Pursuant to 11 U.S.C. §§ 1107 and 1108, Debtor continues to manage its affairs and property as a debtor-in-possession.

10. No official committees have been appointed in this case.

11. MBT is well-qualified and able to represent Debtor in this case.

12. MBT has extensive experience and knowledge of bankruptcy, business reorganization, and debtor/creditor matters.

13. On August 1, 2025, MBT received $100,000 from Debtor.

14. Of this amount, $1,738 was for the Chapter 11 filing fee, $25,000 was for the retention of Snell & Wilmer as special counsel (employment application to be filed), and $73,262 as a legal fee retainer for MBT.

15. Prior to commencing this case, MBT incurred $10,077.50 in fees and expenses, leaving a balance of $63,184.50 on hand as of the commencement of this case.

16. MBT's willingness to be employed as general bankruptcy counsel for Debtor is contingent upon the court authorizing it to use the balance of its retainer to pay its post-petition fees (after notice and a hearing on its request to use such retainer) and its ability to request to be paid through Debtor's plan of reorganization and/or liquidation, as the case may be.

17. Depending on the needs of the Bankruptcy Case and the economics involved, the attorneys who will be primarily engaged on this matter will be Mark C. Rose, Brian J. Porter, Jamie L. Nopper, and David L. Miller.

18. In addition, the services of paraprofessionals, clerks, and/or assistants will be provided when requested, necessary, and appropriate.

19. MBT's professionals have extensive experience in and knowledge of bankruptcy, debtor/creditor, debtor-in-possession duties, and general civil litigation matters.

20. MBT has indicated its willingness to represent Debtor in the Bankruptcy Case and to render the services and be compensated as set forth below.

## NEED FOR LEGAL SERVICES

21. Pursuant to 11 U.S.C. § 327, Debtor may employ MBT to represent and assist Debtor in carrying out its duties under 11 U.S.C. §§ 1107 and 1108.

22. In the Bankruptcy Case, Debtor has determined that it is necessary to hire legal counsel to assist with the following:

    a. Preparing on behalf of Debtor any necessary statements, schedules, or other related documents required under the bankruptcy code;

    b. Preparing on behalf of Debor any necessary motions, applications, answers, orders, reports, or papers required by applicable bankruptcy or non-bankruptcy law, dictated by the demands of the Bankruptcy Case, or required by the Court, and to represent Debtor in proceedings or hearings related thereto;

    c. Assisting Debtor in analyzing and pursuing possible reorganization possibilities;

    d. Assisting Debtor in analyzing and pursuing any proposed dispositions of assets and claims of Debtor's estate;

    e. Reviewing, analyzing, and advising Debtor regarding claims or causes of action to be pursued on behalf of its estate;

    f. Assisting the Debtor in providing information to creditors and parties-in-interest;

    g. Reviewing, analyzing, and advising Debtor regarding any fee applications or other issues involving professional compensation in the Bankruptcy Case;

h. Preparing and advising Debtor regarding any Chapter 11 plan filed in the Bankruptcy Case;

i. Assisting Debtor in negotiations with various creditor constituencies regarding treatment, resolution, and/or payment of the creditors' claims in the Bankruptcy Case;

j. Reviewing and analyzing the validity of claims filed in the Bankruptcy Case and advising Debtor as to the filing of objections to claims, if necessary; and

k. Performing all other necessary legal services as may be required by the needs of Debtor in the Bankruptcy Case.

23. For the foregoing and all other necessary and proper purposes, Debtor desires to retain general bankruptcy counsel to represent it and seeks to employ MBT as its general bankruptcy counsel.

24. Debtor intends to file retention applications for other professionals in this Chapter 11 case, including Snell & Wilmer LLP ("S&W"), as special counsel to Debtor.

25. MBT has informed Debtor that it will take all appropriate steps to avoid unnecessary and wasteful duplication of efforts by any other professionals, including S&W, retained in this Chapter 11 case.

**MBT IS DISINTERESTED AND HOLDS NO ADVERSE INTEREST**

26. Filed concurrently with this Application is the declaration of Mark C. Rose (the "Rose Declaration"), which details all presently known connections of MBT to the Bankruptcy Case.

27. To the best of Debtor's knowledge: (a) MBT does not have any conflicts of interest with Debtor, Debtor's creditors[1], or other parties-in-interest, their respective attorneys or accountants, or the United States Debtor or any person employed in the Office of the United States Trustee, except as set forth in the Declaration, and (b) MBT is a disinterested person as that term is used in 11 U.S.C. § 101(14). *See generally* Porter Declaration.

28. Therefore, MBT's retention by Debtor under 11 U.S.C. §§ 327 and 328(a) is proper and appropriate.

## COMPENSATION

29. Debtor desires to employ MBT with reasonable compensation to be based upon MBT's normal hourly rates in matters of this type, subject to all necessary approvals of the Court.

30. Debtor understands that MBT will apply to the Court for the allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and Local Rules and orders of this Court for all services performed and expenses incurred, with such approved fees to be satisfied by the Remaining Initial Retainer.

31. However, to the extent necessary and as authorized by law, MBT may, in its sole discretion, seek to be paid through the plan payments set forth in Debtor's plan.

32. MBT's customary hourly rates in matters of this type are subject to change annually in accordance with the firm's general billing procedures.

---

[1] As noted in the Rose Declaration, MBT previously represented Allied Mechanical, Inc., an alleged creditor of Debtor. Prior to commencing this case, MBT obtained a written waiver from Allied Mechanical, Inc. Thus, MBT does not view this as a conflict in this case.

33. The range of current hourly billing rates for professionals anticipated to perform the majority of services on behalf of Debtor is $265.00–$500.00.

34. The present hourly rate, which is subject to change on an annual basis, for MBT's attorneys are as follows: David L. Miller - $475, Mark C. Rose - $425, Brian J. Porter - $295, and Jamie L. Nopper - $350.00.

35. MBT maintains detailed records of any actual and necessary expenses for which it may seek reimbursement.

36. The professionals and staff rendering services will also keep detailed contemporaneous time records in connection with such services as required by the Bankruptcy Code.

37. Time will be recorded in 1/10ths of an hour increments, and all professionals will be required to keep detailed time records in connection with services rendered herein.

38. Apart from the Remaining Initial Retainer, MBT has not received any other retainer in this matter and has not entered into any agreement to share compensation as may be awarded to it for services rendered in the Bankruptcy Case except as permitted under 11 U.S.C. § 504(b).

## **NOTICE**

39. Notice of this application has been given to the Office of the United States Trustee for this region, and all parties who receive service upon electronic filing through the Court's CM/ECF's system.

## **CONCLUSION**

40. Debtor believes it is in its best interest and that of its bankruptcy estate that MBT be retained as its general bankruptcy counsel.

41. Debtor is satisfied by the Rose Declaration that MBT does not represent any other entity having an adverse interest to Debtor, the Estate, or unsecured creditors in the Bankruptcy Case and is otherwise disinterested.

**WHEREFORE**, based on the foregoing, Debtor respectfully requests that the Court enter an order authorizing the employment of McKay, Burton & Thurman, P.C. as its general bankruptcy counsel effective as of the date of this filing.

DATED this 8th day of August 2025.

**WOHALI LAND ESTATES, LLC**

   *John Robert Kaiser
By: John Robert Kaiser
Its: Authorized Representative
*Original signature on file*

# CERTIFICATE OF SERVICE - BY NOTICE OF ELECTRONIC FILING (CM/ECF)

      I hereby certify that on August 8, 2025, I electronically filed the foregoing **APPLICATION TO EMPLOY MCKAY, BURTON & THURMAN, P.C. AS DEBTOR'S GENERAL BANKRUPTCY COUNSEL** with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users and will be served through the CM/ECF system.

Mark C. Rose, mrose@mbt-law.com
United States Trustee, USTPRegion19.SK.ECF@usdoj.gov
**All other parties entitled to CM-ECF notice in this case**



                                                      s/ Mark C. Rose