# THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>WOHALI LAND ESTATES, LLC,<br><br>Debtor. | Bankruptcy Case 25-24610<br>(Chapter 7)<br><br>Judge Peggy Hunt |

## DECLARATION OF MARK C. ROSE IN SUPPORT OF APPLICATION TO EMPLOY MCKAY, BURTON & THURMAN, P.C. AS DEBTOR'S GENERAL BANKRUPTCY COUNSEL

I, Mark C. Rose, being of lawful age, do hereby declare and state as follows:

1. This declaration (the "Declaration") is based upon my personal knowledge of the facts set forth herein.

2. I am an attorney licensed to practice law in the state of Utah, including all Federal courts within Utah.

3. I am an attorney and shareholder with the law firm of McKay, Burton & Thurman, P.C., 2180 South 1300 East, Suite 400, Salt Lake City, Utah 84106 ("MBT").

4. I make the statements in this Declaration based upon my personal knowledge and belief.

5. MBT performed an electronic conflict search of MBT's databases with respect to Debtor Wohali Land Estates, LLC ("Debtor") and the list of creditors provided by Debtor to MBT.

6. Based upon MBT's searches and inquiries (including search of last names and/or business names noted on Debtor's list of creditors), I believe that neither I nor any of the attorneys or other employees of MBT have any conflicts of interest with Debtor, creditors of Debtor, any other party-in-interest, their respective attorneys and accountants, the United States Trustee, or any

person employed in the Office of the United States Trustee, or any other party-in-interest in Debtor's case, including their respective attorneys and accountants, except as noted herein.

7. In reviewing MBT's searches and inquiries, I did note the following connections to Debtor and/or its creditors:

    a. MBT has previously represented Allied Mechanical LLC as a creditor in the bankruptcy for Lusso Apartments, LLC, Bankruptcy Case No. 24-22672. Allied Mechanical LLC is one of Debtor's 20 largest unsecured creditors. Allied Mechanical LLC has provided MBT with a waiver of this conflict, attached hereto as <u>Exhibit A</u>.

    b. MBT regularly represents David L. Miller ("Trustee Miller") and Mark C. Rose ("Trustee Rose") in their capacities as Chapter 7 panel trustees in the state of Utah. Trustee Miller and Trustee Rose routinely collect funds on behalf of creditors, some of whom may be creditors or parties-in-interest in this case. Trustee Miller and Trustee Rose also regularly pursue claims against creditors and third parties, some of whom may be creditors or parties-in-interest in this case. To the best of my knowledge, MBT's representations of neither Trustee Miller nor Trustee Rose relate to Debtor. I believe that MBT's representations of neither Trustee Miller nor Trustee Rose constitute holding or representing an interest materially adverse to the estate or affect MBT's ability to serve as Debtor's counsel in this case. I believe MBT's representations of neither Trustee Miller nor Trustee Rose constitute a conflict in this case;

    c. MBT has previously represented debtors in bankruptcy who have sought to discharge obligations to certain creditors of Debtor's bankruptcy estate, including: the Internal Revenue Service and the Utah State Tax Commission. I do not believe MBT's representations of

other debtors who have sought to discharge claims against the above-mentioned creditors constitute a conflict in this case.

8. To the best of my knowledge, MBT is a disinterested person/entity as that term is used in 11 U.S.C. § 101(14).

9. To the best of my knowledge, neither I nor MBT has any connections with the Court or the Office of the United States Trustee that would prohibit employment under Rule 5002 of the Federal Rules of Bankruptcy Procedure.

10. MBT is a mid-sized firm located in Salt Lake City, Utah.

11. MBT has relationships with numerous clients, some of which may be related to or affiliated with creditors or other parties-in-interest in this bankruptcy case. However, at this time, apart from those connections listed above, I have not been able to find any relations or affiliations between MBT's current clients and Debtor or their creditors.

12. Neither I nor MBT will serve any party in any other matter adverse to Debtor's bankruptcy estate.

13. If I learn of any potential conflict of interest in this case, I will immediately notify the Court.

**Connections to Creditors or Parties-in-Interest**

14. MBT has represented, and may continue to represent, client(s) adverse to creditors listed on the Court's mailing matrix in matters unrelated to this case.

15. In my opinion, MBT's representation of various clients adverse to these parties does not constitute an interest materially adverse to the bankruptcy estate in this case, nor do they adversely affect MBT's disinterestedness under 11 U.S.C. § 327(a).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

DATED this 8th day of August 2025.

        /s/ Mark C. Rose
        Mark C. Rose

**CERTIFICATE OF SERVICE - BY NOTICE OF ELECTRONIC FILING (CM/ECF)**

      I hereby certify that on August 8, 2025, I electronically filed the foregoing **DECLARATION OF MARK C. ROSE IN SUPPORT OF APPLICATION TO EMPLOY MCKAY, BURTON & THURMAN, P.C. AS DEBTOR'S GENERAL BANKRUPTCY COUNSEL** with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users and will be served through the CM/ECF system.

Mark C. Rose, mrose@mbt-law.com
United States Trustee, USTPRegion19.SK.ECF@usdoj.gov
**All other parties entitled to CM-ECF notice in this case**

                                              /s/ Mark C. Rose

# EXHIBIT A

# MBT

MCKAY, BURTON & THURMAN, P.C.
ATTORNEYS AT LAW

MARK C. ROSE, MROSE@MBT-LAW.COM

2180 SOUTH 1300 EAST, SUITE 400, SALT LAKE CITY, UTAH 84106
phone (801)-521-4135 fax (801)-521-4252

August 7, 2025

Wohali Land Estates, LLC
c/o John Robert Kaiser
E-mail: jkaiser@wohalipartners.com

Allied Mechanical, LLC
c/o Joshua N. Richins
Email: josh@alliedmechanicalutah.com.

Dear John and Joshua,

As we have disclosed, McKay, Burton & Thurman, P.C. ("MBT," "our firm," "we" or similar terms) currently represents Wohali Land Estates, LLC ("Wohali Land"). As we have also disclosed, our firm previously represented Allied Mechanical, LLC ("Allied Mechanical") in a matter unrelated to our current representation of Wohali Land. Recently, Wohali Land retained our firm to represent it as counsel with respect to a Chapter 11 bankruptcy filing (the "Proposed Bankruptcy"). It's come to our attention that Allied Mechanical is a creditor of Wohali Land and/or an affiliated entity of Wohali. Because of our prior representation of Allied Mechanical, a conflict of interest could prohibit our firm from representing Wohali Land in the Proposed Bankruptcy without the written consent and waiver of the conflict from both Wohali Land and Allied Mechanical. Furthermore, it is important to us to clarify, and have you agree, that while MBT does not currently represent Allied Mechanical, should Allied Mechanical retain MBT in the future, our firm may choose to represent Allied Mechanical in matters unrelated to the Proposed Bankruptcy going forward.

Before proceeding, we want to describe the actual and potential conflicts that could result from our prior representation of Allied Mechanical. Among other conflicts and risks, should we represent Wohali Land in the Proposed Bankruptcy, is that Wohali Land's and Allied Mechanical's interests in the Proposed Bankruptcy will be materially adverse to each other since Wohali Land could be a debtor and Allied Mechanical could be a creditor. We will likely advise Wohali Land to take positions or request relief in bankruptcy that are materially adverse to the interests of Allied Mechanical. Each of you should consider these and other issues and concerns relating to our representation of Wohali Land in the manner described in this letter. These and other issues relating to our representation are further described in Exhibit A, which sets forth the general rules relating to representation of a client whose interests are materially adverse to current or former clients, as well as rules regarding the use of information obtained from a former client to the disadvantage of such client.

After reviewing the Utah Rules of Professional Conduct, we believe we can competently represent Wohali Land in the Proposed Bankruptcy without compromising our obligations to our former client Allied Mechanical. Specifically, our representation of Wohali Land does not arise from or relate to MBT's prior representation of Allied Mechanical, and representing Wohali Land in the Proposed Bankruptcy will not require MBT to use information obtained from Allied Mechanical during its prior representation to its disadvantage. *See* Rule 1.9(a)-(c).

By countersigning this letter below, you agree and acknowledge that you have had the opportunity to be represented separately by counsel of your choosing. You have read the Conflict Rules and agree that we may represent Wohali Land (and not Allied Mechanical) in the Proposed Bankruptcy. You are hereby waiving any actual or perceived conflicts of interest our firm has or may have in connection with its representation of Wohali Land with respect to the Proposed Bankruptcy, despite our prior representation of Allied Mechanical. You agree that, if a dispute should arise between the two of you during the Proposed Bankruptcy, we will represent Wohali Land, and not Allied Mechanical, with respect to the same.

Therefore, notwithstanding the actual and potential conflicts of interest that may exist due to our representation of Wohali Land in respect to the Proposed Bankruptcy, if each of you are willing to waive all conflicts of interest that MBT or any lawyer with MBT may have had or may currently have based on the prior representation of Allied Mechanical described in this letter, please sign below and return this letter to me by .pdf to mrose@mbt-law.com. Furthermore, by executing this letter below, each of you understands and agrees that we may subsequently represent Allied Mechanical in matters unrelated to the Proposed Bankruptcy in the future.

McKay, Burton & Thurman, P.C.

/s/ Mark C. Rose
Mark C. Rose
*Attorneys for Wohali Land Estates, LLC*

**RECEIVED AND AGREED TO BY:**

**WOHALI LAND ESTATES, LLC**

By: John F. Katz
Its: Managing Partner
Dated: 8-7-2025

**ALLIED MECHANICAL**

By: [signature]
Its: Owner/Partner
Dated: 5/7/25

# EXHIBIT A

## Rule 1.6. Confidentiality of Information.

(a) A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph (b).

(b) A lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary:

(b)(1) to prevent reasonably certain death or substantial bodily harm;

(b)(2) to prevent the client from committing a crime or fraud that is reasonably certain to result in substantial injury to the financial interests or property of another and in furtherance of which the client has used or is using the lawyer's services;

(b)(3) to prevent, mitigate or rectify substantial injury to the financial interests or property of another that is reasonably certain to result or has resulted from the client's commission of a crime or fraud in furtherance of which the client has used the lawyer's services;

(b)(4) to secure legal advice about the lawyer's compliance with these Rules;

(b)(5) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client;

(b)(6) to comply with other law or a court order; or

(b)(7) to detect and resolve conflicts of interest arising from the lawyer's change of employment or from changes in the composition or ownership of a firm, but only if the revealed information would not compromise the attorney-client privilege or otherwise prejudice the client.

(c) A lawyer shall make reasonable efforts to prevent the inadvertent or unauthorized disclosure of, or unauthorized access to, information relating to the representation of a client.

(d) For purposes of this rule, representation of a client includes counseling a lawyer about the need for or availability of treatment for substance abuse or psychological or emotional problems by members of the Utah State Bar serving on a Utah State Bar endorsed lawyer assistance program.

## Rule 1.7. Conflict of Interest: Current Clients.

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(a)(1) The representation of one client will be directly adverse to another client; or

(a)(2) There is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:

(b)(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

(b)(2) the representation is not prohibited by law;

(b)(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and

(b)(4) each affected client gives informed consent, confirmed in writing.

**Rule 1.8. Conflict of Interest: Current Clients: Specific Rules.**

(a) A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:

(a)(1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing in a manner that can be reasonably understood by the client;

(a)(2) the client is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel on the transaction; and

(a)(3) the client gives informed consent, in a writing signed by the client, to the essential terms of the transaction and the lawyer's role in the transaction, including whether the lawyer is representing the client in the transaction.

(b) A lawyer shall not use information relating to representation of a client to the disadvantage of the client unless the client gives informed consent, except as permitted or required by these Rules.

(c) A lawyer shall not solicit any substantial gift from a client, including a testamentary gift or prepare on behalf of a client an instrument giving the lawyer or a person related to the lawyer any substantial gift unless the lawyer or other recipient of the gift is related to the client. For purpose of this paragraph, related persons include a spouse, child, grandchild, parent, grandparent or other relative or individual with whom the lawyer or the client maintains a close, familial relationship.

(d) Prior to the conclusion of representation of a client, a lawyer shall not make or negotiate an agreement giving the lawyer literary or media rights to a portrayal or an account based in substantial part on information relating to the representation.

(e) A lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation, except that:

(e)(1) a lawyer may advance court costs and expenses of litigation, the repayment of which may be contingent on the outcome of the matter; and

(e)(2) a lawyer representing an indigent client may pay court costs and expenses of litigation, and minor expenses reasonably connected to the litigation, on behalf of the client.

(f) A lawyer shall not accept compensation for representing a client from one other than the client unless:

(f)(1) the client gives informed consent;

(f)(2) there is no interference with the lawyer's independence of professional judgment or with the client-lawyer relationship; and

(f)(3) information relating to representation of a client is protected as required by Rule 1.6.

(g) A lawyer who represents two or more clients shall not participate in making an aggregate settlement of the claims of or against the clients or in a criminal case an aggregated agreement as to guilty or nolo contendere pleas, unless each client gives informed consent, in writing signed by the client. The lawyer's disclosure shall include the existence and nature of all the claims or pleas involved and of the participation of each person in the settlement.

(h) A lawyer shall not:

(h)(1) make an agreement prospectively limiting the lawyer's liability to a client for malpractice unless the client is independently represented in making the agreement; or

(h)(2) settle a claim or potential claim for such liability with an unrepresented client or former client unless that person is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel in connection therewith.

(i) A lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client, except that the lawyer may:

(i)(1) acquire a lien authorized by law to secure the lawyer's fee or expenses; and

(i)(2) contract with a client for a reasonable contingent fee in a civil case.

(j) A lawyer shall not engage in sexual relations with a client that exploit the lawyer-client relationship. For the purposes of this Rule:

(j)(1) "sexual relations" means sexual intercourse or the touching of an intimate part of another person for the purpose of sexual arousal, gratification, or abuse; and

(j)(2) except for a spousal relationship or a sexual relationship that existed at the commencement of the lawyer-client relationship, sexual relations between the lawyer and the client shall be presumed to be exploitive. This presumption is rebuttable.

(k) While lawyers are associated in a firm, a prohibition in the foregoing paragraphs (a) through (i) that applies to any one of them shall apply to all of them.

**Rule 1.9. Duties to Former Clients.**

(a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

(b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client

(b)(1) whose interests are materially adverse to that person; and

(b)(2) about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter; unless the former client gives informed consent, confirmed in writing.

(c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:

(c)(1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or

(c)(2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.