Michael R. Johnson, Esq. (7070)
Jeffrey W. Shields, Esq. (2948)
David H. Leigh (9433)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, 14th Floor
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: mjohnson@rqn.com
Email: jshields@rqn.com
Email: dleigh@rqn.com

*Attorney for EB5AN Wohali Utah Fund XV, LP*

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

---

| | |
|---|---|
| In re: | **Bankruptcy No. 25-24610** |
| **WOHALI LAND ESTATES, LLC**, | Chapter 11 |
| Debtor. | Honorable Peggy Hunt |

---

### NOTICE OF RULE 2004 EXAMINATION AND ISSUANCE OF SUBPOENAS FOR PRODUCTION OF DOCUMENTS

---

**PLEASE TAKE NOTICE** that, pursuant to an Order entered by the United States

Bankruptcy Court for the District of Utah pursuant to Federal Rule of Bankruptcy Procedure

2004, the oral examination of the Debtor, Wohali Land Estates, LLC (the "**Debtor**"), will be

taken on **September 25, 2025 at 10:00 a.m.**, and shall continue from day to day until completed.

The examination of the Debtor will take place at the law offices of Ray Quinney &

Nebeker P.C., 36 South State Street, Suite 1400, Salt Lake City, Utah 84111.  The examination

of the Debtor will be taken orally and in person before a duly authorized court reporter

authorized to administer oaths, will be recorded by stenographic means, and will continue until

completed.

    **PLEASE TAKE FURTHER NOTICE** that the Debtor's attendance at the examination

and the production of certain documents are being compelled pursuant to Fed. R. Bankr. P.

2004(c) by Subpoena, true and correct copies of which are attached hereto as Exhibit A.

    DATED this 8th day of September, 2025.

                      RAY QUINNEY & NEBEKER P.C.


                      /s/  *Michael R. Johnson*
                      Michael R. Johnson
                      *Attorneys for EB5AN Wohali Utah Fund XV, LP*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of September, 2025, a true and correct copy of the

foregoing **NOTICE OF RULE 2004 EXAMINATION AND ISSUANCE OF SUBPOENAS**

**FOR PRODUCTION OF DOCUMENTS** was electronically filed and therefore served via

ECF on all electronic filing users in that case.


*/s/ Natalie Openshaw*
Natalie Openshaw

# **EXHIBIT A**

B2540  (Form 2540 – Subpoena for Rule 2004 Examination (12/15)

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF UTAH

In re **WOHALI LAND ESTATES, LLC**
Debtor.

Case No. 25-24610 PH

Chapter _____11_____

### SUBPOENA FOR RULE 2004 PRODUCTION OF DOCUMENTS

**TO:**   **Wohali Builders LLC**
**c/o David Boyden, Registered Agent**
**PO Box 438**
**Coalville, UT 84017**

**Wohali Builders LLC**
**c/o David Boyden, Registered Agent**
**5533 Lillehammer Lane**
**Park City, UT 84098**

*(Name of person to whom the subpoena is directed)*

☐ *TESTIMONY:* YOU ARE COMMANDED to appear at the time, date and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
|  |  |

☒ *PRODUCTION:* You must produce on or before **2:00 p.m. on September 24, 2025,** at the law offices of Ray Quinney & Nebeker, P.C. at 36 South State Street, Suite 1400, Salt Lake City, Utah 84111, the following documents, electronically stored information or objects, and must permit inspection, copying, testing, or sampling of the material:

### SEE EXHIBITS "A" AND "B" ATTACHED HERETO.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – rule 45 (c), relating to the place of compliance; Rule 45 (d), relating to our protection as a person subject to a subpoena; and Rule 45(e) and 45 (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE 9/5/25 |
|---|---|
| MICHAEL R. JOHNSON<br>RAY QUINNEY & NEBEKER P.C.<br>36 South State Street, Suite 1400<br>Salt Lake City, UT  84111<br>801-532-1500 |  |

*Attorneys for EB5AN Wohali Utah Fund XV, LP*

B2540 (Form 2540 – Subpoena for Rule 2004 Examination (Page 2)

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $_____for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination…   (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination.   (Page 4)

# EXHIBIT A

## Definitions

The following definitions apply to all requests contained herein and in Exhibit "B":

The term "**Debtor**" means Wohali Land Estates, LLC, the Chapter 11 debtor in the Case No. 25-24610 now pending in the United States Bankruptcy Court for the District of Utah, and all of its members, managers and agents.

The terms "**you**" and "**your**" means the person or entity to whom this Subpoena is directed, and all of that person's or entity's agents, representatives, affiliates, subsidiaries and sister companies.

The term "**Petition Date**" means August 8, 2025.

The term "**EB5**" means EB5AN Wohali Utah Fund XV, LP.

The term "**Wohali Association**" means Wohali Master Owners Association, a Utah nonprofit corporation, and includes all of its officers and directors.

The term "**Wohali Resort**" means Wohali Resort, Inc., an administratively dissolved Utah corporation, and includes all of its officers and directors.

The term "**Wohali Builders**" means Wohali Builders LLC, an administratively dissolved Utah limited liability company, and includes all of its members and managers.

The term "**Wohali Realty**" means Wohali Realty, LLC, a delinquent Utah limited liability company, and includes all of its members and managers.

The term "**Wohali Master Builders**" means Wohali Master Builders, LLC, a Utah limited liability company, and includes all of its members and managers.

The term "**Wohali Village Association**" means Wohali Village I Owners Association, Inc., a Utah nonprofit corporation, and includes all of its officers and directors.

The term "**Wohali Utility**" means Wohali Utility, LLC, a Utah limited liability company, and includes all of its members and managers.

The term "**Wohali Holdings**" means Wohali Holdings, LLC, an administratively dissolved Utah limited liability company, and includes all of its members and managers.

The term "**Wohali Stonehaven**" means Wohali Stonehaven Holdings, LLC, a Utah limited liability company, and includes all of its members and managers.

The term "**Wohali Partners**" means Wohali Partners LLC, a Utah limited liability company, and includes all of its members and managers.

The term "**Non-Debtor Wohali Entities**" refers to each and all, as applicable, of Wohali Association, Wohali Resort, Wohali Builders, Wohali Realty, Wohali Master Builders, Wohali Village Association, Wohali Utility, Wohali Holdings, Wohali Stonehaven and Wohali Partners, and includes all of their officers, directors, managers and members, as applicable.

The term "**Wohali Project**" means that certain planned development located in or near Coalville, Utah which development will ultimately consist of a single-family home golf community consisting of approximately 428 residences, a golf course and clubhouse, a lodge, and other amenities on 32 parcels of land totaling approximately 5,064 acres located in Morgan and Summit County, Utah.

The term "**document**" is used in its customary broad sense and shall include, but not be limited to, every writing and record of every type and description, whether or not in the possession, custody or control of you, your agents, attorney or representatives, including, but not limited to, correspondence, including email correspondence, memoranda, interoffice communications, written notes, telegrams, minutes of directors' or committee meetings, reports, contracts, deeds, options, amendments and addenda to contracts and options, licenses, invoices, ledgers, books of account, journals, vouchers, bank checks, charge slips, account reports, receipts, working papers, charts, graphs, indexes, statistical records, stenographers' notebooks, calendars, appointment books, diaries, timesheets, data sheets, statements, papers, bids, estimates, computer printouts, tapes and records of all types, resumes, microfilms, studies, books, pamphlets, schedules, and any preliminary drafts of any of the aforementioned categories of documents, photographic prints, transparencies, moving pictures, voice recordings and every other device or medium on which or through which information of any type is transmitted, recorded or preserved and things similar to any of the foregoing, regardless of their author of origin, of any kind, however denominated.

The term "**document**" also means a copy, where the original is not in your possession, custody or control, and every copy of a document, if such copy is not an identical duplicate of the original.

The term "**communication**" means the conveyance of information between or among persons by any means.

The term "**including**" means "including but not limited to."

The terms "**or**" and "**and**" each mean "and/or."

B2540 (Form 2540 – Subpoena for Rule 2004 Examination. (Page 6)

The term "**relating**" means (in addition to its plain dictionary meaning), concerning, referring to, describing, evidencing, supporting, substantiating, disproving, invalidating, refuting, contradicting, negating, controverting, and/or consulting.

## Instructions

The documents requested are those currently in your possession, custody, or control, actual or constructive, up to and including the date of your production, including those in the possession, custody or control of any other person acting on your behalf, including without limitation your employees, agents, accountants, auditors, attorneys, consultants or other persons.

As to each request, you are requested to produce the documents as they are kept in the ordinary course of business, or to produce them organized and labeled to correspond with the categories of documents identified below.

If you are unable to produce any document requested, you must provide written verification, sworn under penalty of perjury, that a diligent search and reasonable inquiry has been made in an effort to comply with the request. You shall also specify in such written verification whether the inability to comply is because the particular item or category never existed, has been destroyed, has been lost, misplaced or stolen, or has never been, or is no longer, in your possession, custody or control. You must also state, for each document or category of documents, the name and address of any person known or believed by you to have possession, custody or control of such document or category of documents.

If you object to producing an item or category of items, or part of an item or category of items, you are requested to (i) identify with particularity any documents which you are withholding based upon such objection, and (ii) set forth clearly the extent of and the specific ground(s) for the objection. No document should be marked as attorney-client privileged, or withheld from production on the basis of privilege because this document request is made by a client in connection with client files.

Case 25-24610   Doc 66   Filed 09/08/25   Entered 09/08/25 08:45:05   Desc Main
Document   Page 11 of 38

B2540 (Form 2540 – Subpoena for Rule 2004 Examination. (Page 7)

## EXHIBIT B

1.      An accounting of all transfers of money or property from the Debtor to Wohali Builders between January 1, 2022 and the Petition Date.

2.      An accounting of all transfers of money or property from Wohali Builders to the Debtor between January 1, 2022 and the Petition Date.

3.      An accounting of all debts incurred by Wohali Builders related to the Wohali Project that are currently unpaid, and backup documentation supporting such debts.

4.      An accounting of all revenues and expenses related to the Debtor's golf course for the period of January 1, 2022 through the Petition Date.

5.      And accounting of and all records evidencing the transfer of money or property between the Debtor and Wohali Builders or any of the other Non-Debtor Wohali Entities between January 1, 2022 and July 31, 2025.

6.      All contracts or agreements between the Debtor and Wohali Builders or any of the other Non-Debtor Wohali Entities that were either entered into or were in force between January 1, 2022 and the Petition Date.

7.      All invoices from Wohali Builders or any of the other Non-Debtor Wohali Entities to the Debtor referring or relating to the Wohali Project, including all backup detail for such invoices.

8.      All records evidencing or substantiating the transfer of EB5 loan funds to Wohali Builders or any other Non-Debtor Wohali Entities, including information regarding the business purpose or justification for the transfer.

9.      An accounting of all expenses of Wohali Builders paid with EB5 Loan funds.

10.     All promissory notes or loan agreements between the Debtors and any of (a) Wohali Builders, (b) any of the other Non-Debtor Wohali Entities, (c) David Boyden, or (d) John Kaiser, and an accounting of all funds loaned under such notes or agreements and all payments made under such notes or agreements.

11.     An organization chart for the Debtor and all Non-Debtor Wohali Entities who engage in activities related to the Wohali Project, including a description of the business activities engaged in by such entities related to the Wohali Project.

12.     All construction contracts or agreements between the Debtor and any Non-Debtor Wohali Entities, including but not limited to Wohali Builders.

13.     All documents referring to, relating to or evidencing the acquisition by Wohali Partners of the 100% membership interest in the Debtor.

14.     All lease or other agreements between the Debtor and any Non-Debtor Wohali Entities (including Wohali Builders) related to golf course operations, maintenance and/or memberships.

15.     All lease or other agreements between the Debtor or any Non-Debtor Wohali Entities (including Wohali Builders) and any third parties related to golf course operations, maintenance and/or memberships.

16.     A description of all membership terms for the period of January 1, 2022 through the Petition Date (e.g., initiation fees, dues requirements, privileges), and any changes to such terms during that period.

17.     A full roster of golf club members, including an accounting of all dues paid and any dues still owed.

18.     An accounting of all proceeds received from memberships, including both initiation fees and recurring dues, and an accounting of the uses of such proceeds.

19.     All documents concerning the current status of construction for all utilities and infrastructure required for the Wohali Project.

20.     All contracts or agreements entered into or in force between January 1, 2025 and the Petition Date related to the sale or potential sale of any land lots or village units.

21.     All communications generated between January 1, 2025 and the Petition Date related to the sale or potential sale of any land lots or village units.

22.     Documentation as to the current construction completion status of all village units, and current budget information for completion of construction of all village units.

B2540  (Form 2540 – Subpoena for Rule 2004 Examination (12/15)

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF UTAH

In re  **WOHALI LAND ESTATES, LLC**

Debtor.

Case No. 25-24610 PH

Chapter _____ 11 _____

## SUBPOENA FOR RULE 2004 EXAMINATION AND PRODUCTION OF DOCUMENTS

TO:     **Wohali Land Estates LLC**
        **c/o David Boyden, Registered Agent**
        **PO Box 438**
        **Coalville, UT 84017**

        **Wohali Land Estates LLC**
        **c/o David Boyden, Registered Agent**
        **5533 Lillehammer Lane**
        **Park City, UT 84098**

*(Name of person to whom the subpoena is directed)*

☒ *TESTIMONY:* **YOU ARE COMMANDED** to appear at the time, date and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | RAY QUINNEY AND NEBEKER P.C. 36 SOUTH STATE STREET, SUITE 1400 SALT LAKE CITY, UT 84111 | DATE AND TIME SEPTEMBER 25, 2025 AT 10:00 A.M. |
|---|---|---|

☒ *PRODUCTION:* You must produce on or before **2:00 p.m. on September 24, 2025,** at the law offices of Ray Quinney & Nebeker, P.C. at 36 South State Street, Suite 1400, Salt Lake City, Utah 84111, the following documents, electronically stored information or objects, and must permit inspection, copying, testing, or sampling of the material:

### SEE EXHIBITS "A" AND "B" ATTACHED HERETO.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – rule 45 (c), relating to the place of compliance; Rule 45 (d), relating to our protection as a person subject to a subpoena; and Rule 45(e) and 45 (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE 9/5/25 |
|---|---|
| MICHAEL R. JOHNSON RAY QUINNEY & NEBEKER P.C. 36 South State Street, Suite 1400 Salt Lake City, UT  84111 801-532-1500 | |

*Attorneys for EB5AN Wohali Utah Fund XV, LP*

B2540 (Form 2540 – Subpoena for Rule 2004 Examination. (Page 2)

---

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____.

My fees are $ _____ for travel and $_____for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination...) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
  …

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination.   (Page 4)

# EXHIBIT A

## Definitions

The following definitions apply to all requests contained herein and in Exhibit "B":

The term "**Debtor**" means Wohali Land Estates, LLC, the Chapter 11 debtor in the Case No. 25-24610 now pending in the United States Bankruptcy Court for the District of Utah, and all of its members, managers and agents.

The terms "**you**" and "**your**" means the person or entity to whom this Subpoena is directed, and all of that person's or entity's agents, representatives, affiliates, subsidiaries and sister companies.

The term "**Petition Date**" means August 8, 2025.

The term "**EB5**" means EB5AN Wohali Utah Fund XV, LP.

The term "**Wohali Association**" means Wohali Master Owners Association, a Utah nonprofit corporation, and includes all of its officers and directors.

The term "**Wohali Resort**" means Wohali Resort, Inc., an administratively dissolved Utah corporation, and includes all of its officers and directors.

The term "**Wohali Builders**" means Wohali Builders LLC, an administratively dissolved Utah limited liability company, and includes all of its members and managers.

The term "**Wohali Realty**" means Wohali Realty, LLC, a delinquent Utah limited liability company, and includes all of its members and managers.

The term "**Wohali Master Builders**" means Wohali Master Builders, LLC, a Utah limited liability company, and includes all of its members and managers.

The term "**Wohali Village Association**" means Wohali Village I Owners Association, Inc., a Utah nonprofit corporation, and includes all of its officers and directors.

The term "**Wohali Utility**" means Wohali Utility, LLC, a Utah limited liability company, and includes all of its members and managers.

The term "**Wohali Holdings**" means Wohali Holdings, LLC, an administratively dissolved Utah limited liability company, and includes all of its members and managers.

The term "**Wohali Stonehaven**" means Wohali Stonehaven Holdings, LLC, a Utah limited liability company, and includes all of its members and managers.

The term **"Wohali Partners"** means Wohali Partners LLC, a Utah limited liability company, and includes all of its members and managers.

The term **"Non-Debtor Wohali Entities"** refers to each and all, as applicable, of Wohali Association, Wohali Resort, Wohali Builders, Wohali Realty, Wohali Master Builders, Wohali Village Association, Wohali Utility, Wohali Holdings, Wohali Stonehaven and Wohali Partners, and includes all of their officers, directors, managers and members, as applicable.

The term **"Wohali Project"** means that certain planned development located in or near Coalville, Utah which development will ultimately consist of a single-family home golf community consisting of approximately 428 residences, a golf course and clubhouse, a lodge, and other amenities on 32 parcels of land totaling approximately 5,064 acres located in Morgan and Summit County, Utah.

The term **"document"** is used in its customary broad sense and shall include, but not be limited to, every writing and record of every type and description, whether or not in the possession, custody or control of you, your agents, attorney or representatives, including, but not limited to, correspondence, including email correspondence, memoranda, interoffice communications, written notes, telegrams, minutes of directors' or committee meetings, reports, contracts, deeds, options, amendments and addenda to contracts and options, licenses, invoices, ledgers, books of account, journals, vouchers, bank checks, charge slips, account reports, receipts, working papers, charts, graphs, indexes, statistical records, stenographers' notebooks, calendars, appointment books, diaries, timesheets, data sheets, statements, papers, bids, estimates, computer printouts, tapes and records of all types, resumes, microfilms, studies, books, pamphlets, schedules, and any preliminary drafts of any of the aforementioned categories of documents, photographic prints, transparencies, moving pictures, voice recordings and every other device or medium on which or through which information of any type is transmitted, recorded or preserved and things similar to any of the foregoing, regardless of their author of origin, of any kind, however denominated.

The term **"document"** also means a copy, where the original is not in your possession, custody or control, and every copy of a document, if such copy is not an identical duplicate of the original.

The term **"communication"** means the conveyance of information between or among persons by any means.

The term **"including"** means "including but not limited to."

The terms **"or"** and **"and"** each mean "and/or."

The term **"relating"** means (in addition to its plain dictionary meaning), concerning, referring to, describing, evidencing, supporting, substantiating, disproving, invalidating, refuting, contradicting, negating, controverting, and/or consulting.

## Instructions

The documents requested are those currently in your possession, custody, or control, actual or constructive, up to and including the date of your production, including those in the possession, custody or control of any other person acting on your behalf, including without limitation your employees, agents, accountants, auditors, attorneys, consultants or other persons.

As to each request, you are requested to produce the documents as they are kept in the ordinary course of business, or to produce them organized and labeled to correspond with the categories of documents identified below.

If you are unable to produce any document requested, you must provide written verification, sworn under penalty of perjury, that a diligent search and reasonable inquiry has been made in an effort to comply with the request. You shall also specify in such written verification whether the inability to comply is because the particular item or category never existed, has been destroyed, has been lost, misplaced or stolen, or has never been, or is no longer, in your possession, custody or control. You must also state, for each document or category of documents, the name and address of any person known or believed by you to have possession, custody or control of such document or category of documents.

If you object to producing an item or category of items, or part of an item or category of items, you are requested to (i) identify with particularity any documents which you are withholding based upon such objection, and (ii) set forth clearly the extent of and the specific ground(s) for the objection. No document should be marked as attorney-client privileged, or withheld from production on the basis of privilege because this document request is made by a client in connection with client files.

Case 25-24610   Doc 66   Filed 09/08/25   Entered 09/08/25 08:45:05   Desc Main
Document   Page 19 of 38

B2540 (Form 2540 – Subpoena for Rule 2004 Examination. (Page 7))

## EXHIBIT B

1.      A copy of the Debtor's General Ledger in Microsoft Excel format for the period of January 1, 2025 through the Petition Date. The General Ledger should indicate payment date, amount, payee, and a description for each line item.

2.      For any line item in the Debtor's General Ledger which evidences or describes a payment to a Non-Debtor Wohali Entity, all back up supporting the business purpose or reason for the expenditure.

3.      All federal and state tax returns for the Debtor for the tax periods starting in 2022 and ending in 2024.

4.      Any and all reviewed, compiled or audited financial statements of the Debtor for any periods between January 1, 2022 and the Petition Date.

5.      Any and all internally prepared income statements, profit and loss statements, and/or balance sheets for all periods between January 1, 2022 and the Petition Date.

6.      The Debtor's accounts receivable aging report as of the Petition Date.

7.      The Debtor's accounts payable report as of the Petition Date.

8.      An inventory of all machinery or equipment owned by the Debtor as of the Petition Date, including item name, amount paid, purchase date, and current location.

9.      An inventory and accounting of any machinery or equipment sold within one (1) year of the Petition Date.

10.     An accounting of all revenues and expenses for the golf course for the period of January 1, 2022 through the Petition Date.

11.     An accounting of all revenues received from real property sales for the period of January 1, 2022 through the Petition Date, broken down by (a) description of property sold, (b) purchaser, (c) date of sale, and (d) consideration received by the Debtor.

12.     All statements for any savings, checking, deposit, money market, brokerage or other accounts held by or in the name of the Debtor between January 1, 2022 and July 31, 2025, including but not limited to the following accounts: (a) JP Morgan Chase Bank Account X6038, (b) Wells Fargo Account X6889, (c) Wells Fargo Account X6905, (d) TD Bank Account X6038, and (e) Wells Fargo Account X0249.

13.     All records evidencing the transfer of money or property between the Debtor and any of the Non-Debtor Wohali Entities between January 1, 2022 and July 31, 2025.

14.     All contracts or agreements between the Debtor and any of the Non-Debtor Wohali Entities that were either entered into or were in force between January 1, 2022 and July 31, 2025.

15.     All invoices from any Non-Debtor Wohali Entities to the Debtor referring or relating to the Wohali Project, including all backup detail for such invoices.

Case 25-24610  Doc 66  Filed 09/08/25  Entered 09/08/25 08:45:05  Desc Main

B2540 (Form 2540 – Subpoena for Rule 2004 Examination.  (Page 8)

Document  Page 20 of 38

16. All records evidencing or substantiating the transfer of EB5 loan funds to any Non-Debtor Wohali Entities, including information regarding the business purpose or justification for the transfer.

17. An accounting of all expenses paid with EB5 Loan funds.

18. Copies of all loan agreements for the "OKOA loan," the "unsecured loan," and the "Big Shoulders loan."

19. All promissory notes or loan agreements between the Debtors and any of (a) the Non-Debtor Wohali Entities, (b) David Boyden, or (c) John Kaiser, and an accounting of all funds loaned under such notes or agreements and all payments made under such notes or agreements.

20. A listing of all members or equity owners of the Debtor for the period of January 1, 2022 to the Petition Date, along with an accounting of all money or capital invested by each listed member or equity owner.

21. An accounting of equity distributions or payments made to any members or equity owners of the Debtor between January 1, 2022 through the Petition Date, irrespective of whether such distributions or payments were in the form of cash or through land transfers.

22. An organization chart for the Debtor and all Non-Debtor Wohali Entities who engage in activities related to the Wohali Project, including a description of the business activities engaged in by such entities related to the Wohali Project.

23. All construction contracts or agreements between the Debtor and any Non-Debtor Wohali Entities, including but not limited to Wohali Builders.

24. The Articles of Incorporation/Organization, Bylaws/Operating Agreements, and/or Partnership Agreement for the Debtor and for each Non-Debtor Wohali Entity.

25. All documents referring to, relating to or evidencing the acquisition by Wohali Partners of the 100% membership interest in the Debtor.

26. All documents referring to or relating to any consideration paid (whether in cash or through land transfers) to the following former equity owners of the Debtor in return for transferring their equity interests to Wohali Partners: (a) The Boyden Family 2021 Trust, (b) The Cottone Family 2021 Trust, (c) The Kaiser Family 2021 Trust, (d) Killians Quest LLC, (e) Meadow Belle Holdings LLC, (f) Pearl Bay, LLC, and (g) Setauket Partners, LLC.

27. A description by parcel number, legal description, acreage and current ownership of all real estate parcels located in or part of the Wohali Project that are not owned by or titled in the name of the Debtor.

28. A description by parcel number, legal description, acreage and grantee of all property transferred or conveyed to current or former equity holders of lots or property as part of "land transfer" credits.

29. All consents or resolutions approving or authorizing the transfer of lots or property as part of "land transfer" credits.

30. A copy of the approved Master Plan for the Wohali Project, along with (a) parcel maps and surveys, (b) zoning designations, (c) entitlement status (zoning, subdivision, PUD, etc.), (d) development approvals, variances or conditional use permits, and (e) development plans.

31.    A copy of all agreements, ordinances or other legal documents referring to or relating to the Planned Unit Development ("**PID**") for the Wohali Project, or an assessment liens or ordinances that were created or adopted as a result of the PID.

32.    An accounting of all funds received pursuant to the PID, and an accounting of all uses or expenditures of PID funds.

33.    An accounting of all principal or interest payments made on the PID, or under any assessment liens or ordinances that were created or adopted as a result of the PID.

34.    All lease or other agreements between the Debtor and third parties related to golf course operations, maintenance and/or memberships.

35.    A description of all membership terms for the period of January 1, 2022 through the Petition Date (e.g., initiation fees, dues requirements, privileges), and any changes to such terms during that period.

36.    A full roster of golf club members, including an accounting of all dues paid and any dues still owed.

37.    An accounting of all proceeds received from memberships, including both initiation fees and recurring dues, and an accounting of the uses of such proceeds.

38.    All documents referring to, relating to or discussing any attempts by the Debtor to obtain new capital through loans or equity investors for the period of July 1, 2023 through the Petition Date.

39.    All marketing materials shared with potential lenders or new equity investors for the period of July 1, 2023 through the Petition Date.

40.    Any and all term sheets or preliminary term sheets provided by to the Debtor from potential lenders or new equity investors for the period of July 1, 2023 through the Petition Date.

41.    All documents concerning the current status of construction for all utilities and infrastructure required for the Wohali Project.

42.    All contracts or agreements entered into or in force between January 1, 2025 and the Petition Date related to the sale or potential sale of any land lots or village units.

43.    All communications generated between January 1, 2025 and the Petition Date related to the sale or potential sale of any land lots or village units.

44.    An accounting of the uses of all proceeds received from the loan from Construction Loan Services II, dba Builders Capital, including all draw requests made under that loan and all payments made on such draw requests.

45.    Any engagement letters between the Debtor and any law firms which were executed or in force between January 1, 2025 and the Petition Date.

46.    An accounting of all payments made to any law firms for the period of January 1, 2025 to the Petition Date.

47.    Documentation as to the current construction completion status of all village units.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination.  (Page 10)

48.    Current budget information for completion of construction of all village units.

B2540  (Form 2540 – Subpoena for Rule 2004 Examination (12/15)

# UNITED STATES BANKRUPTCY COURT

### DISTRICT OF UTAH

In re  **WOHALI LAND ESTATES, LLC**

Debtor.

Case No. 25-24610 PH

Chapter _____11_____

## SUBPOENA FOR RULE 2004 PRODUCTION OF DOCUMENTS

TO:     **Wohali Partners LLC**
          **c/o David Boyden, Registered Agent**
          **PO Box 438**
          **Coalville, UT 84017**

          **Wohali Partners LLC**
          **c/o David Boyden, Registered Agent**
          **5533 Lillehammer Lane**
          **Park City, UT 84098**

*(Name of person to whom the subpoena is directed)*

☐ *TESTIMONY:*  **YOU ARE COMMANDED** to appear at the time, date and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
|  |  |

☒ *PRODUCTION:*  You must produce on or before **2:00 p.m. on September 24, 2025,** at the law offices of Ray Quinney & Nebeker, P.C. at 36 South State Street, Suite 1400, Salt Lake City, Utah 84111, the following documents, electronically stored information or objects, and must permit inspection, copying, testing, or sampling of the material:

### SEE EXHIBITS "A" AND "B" ATTACHED HERETO.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – rule 45 (c), relating to the place of compliance; Rule 45 (d), relating to our protection as a person subject to a subpoena; and Rule 45(e) and 45 (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE  9/5/25 |
|---|---|
| MICHAEL R. JOHNSON<br>RAY QUINNEY & NEBEKER P.C.<br>36 South State Street, Suite 1400<br>Salt Lake City, UT  84111<br>801-532-1500 |  |

*Attorneys for EB5AN Wohali Utah Fund XV, LP*

B2540 (Form 2540 – Subpoena for Rule 2004 Examination.  (Page 2)

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
## (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____.

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule  2004 Examination.   (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

### Definitions

The following definitions apply to all requests contained herein and in Exhibit "B":

The term "**Debtor**" means Wohali Land Estates, LLC, the Chapter 11 debtor in the Case No. 25-24610 now pending in the United States Bankruptcy Court for the District of Utah, and all of its members, managers and agents.

The terms "**you**" and "**your**" means the person or entity to whom this Subpoena is directed, and all of that person's or entity's agents, representatives, affiliates, subsidiaries and sister companies.

The term "**Petition Date**" means August 8, 2025.

The term "**EB5**" means EB5AN Wohali Utah Fund XV, LP.

The term "**Wohali Association**" means Wohali Master Owners Association, a Utah nonprofit corporation, and includes all of its officers and directors.

The term "**Wohali Resort**" means Wohali Resort, Inc., an administratively dissolved Utah corporation, and includes all of its officers and directors.

The term "**Wohali Builders**" means Wohali Builders LLC, an administratively dissolved Utah limited liability company, and includes all of its members and managers.

The term "**Wohali Realty**" means Wohali Realty, LLC, a delinquent Utah limited liability company, and includes all of its members and managers.

The term "**Wohali Master Builders**" means Wohali Master Builders, LLC, a Utah limited liability company, and includes all of its members and managers.

The term "**Wohali Village Association**" means Wohali Village I Owners Association, Inc., a Utah nonprofit corporation, and includes all of its officers and directors.

The term "**Wohali Utility**" means Wohali Utility, LLC, a Utah limited liability company, and includes all of its members and managers.

The term "**Wohali Holdings**" means Wohali Holdings, LLC, an administratively

dissolved Utah limited liability company, and includes all of its members and managers.

The term "**Wohali Stonehaven**" means Wohali Stonehaven Holdings, LLC, a Utah limited liability company, and includes all of its members and managers.

The term "**Wohali Partners**" means Wohali Partners LLC, a Utah limited liability company, and includes all of its members and managers.

The term "**Non-Debtor Wohali Entities**" refers to each and all, as applicable, of Wohali Association, Wohali Resort, Wohali Builders, Wohali Realty, Wohali Master Builders, Wohali Village Association, Wohali Utility, Wohali Holdings, Wohali Stonehaven and Wohali Partners, and includes all of their officers, directors, managers and members, as applicable.

The term "**Wohali Project**" means that certain planned development located in or near Coalville, Utah which development will ultimately consist of a single-family home golf community consisting of approximately 428 residences, a golf course and clubhouse, a lodge, and other amenities on 32 parcels of land totaling approximately 5,064 acres located in Morgan and Summit County, Utah.

The term "**document**" is used in its customary broad sense and shall include, but not be limited to, every writing and record of every type and description, whether or not in the possession, custody or control of you, your agents, attorney or representatives, including, but not limited to, correspondence, including email correspondence, memoranda, interoffice communications, written notes, telegrams, minutes of directors' or committee meetings, reports, contracts, deeds, options, amendments and addenda to contracts and options, licenses, invoices, ledgers, books of account, journals, vouchers, bank checks, charge slips, account reports, receipts, working papers, charts, graphs, indexes, statistical records, stenographers' notebooks, calendars, appointment books, diaries, timesheets, data sheets, statements, papers, bids, estimates, computer printouts, tapes and records of all types, resumes, microfilms, studies, books, pamphlets, schedules, and any preliminary drafts of any of the aforementioned categories of documents, photographic prints, transparencies, moving pictures, voice recordings and every other device or medium on which or through which information of any type is transmitted, recorded or preserved and things similar to any of the foregoing, regardless of their author of origin, of any kind, however denominated.

The term "**document**" also means a copy, where the original is not in your possession, custody or control, and every copy of a document, if such copy is not an identical duplicate of the original.

The term "**communication**" means the conveyance of information between or among persons by any means.

The term "**including**" means "including but not limited to."

The terms "**or**" and "**and**" each mean "and/or."

The term "**relating**" means (in addition to its plain dictionary meaning), concerning, referring to, describing, evidencing, supporting, substantiating, disproving, invalidating, refuting,

B2540 (Form 2540 – Subpoena for Rule 2004 Examination. (Page 6)

contradicting, negating, controverting, and/or consulting.

## **Instructions**

The documents requested are those currently in your possession, custody, or control, actual or constructive, up to and including the date of your production, including those in the possession, custody or control of any other person acting on your behalf, including without limitation your employees, agents, accountants, auditors, attorneys, consultants or other persons.

As to each request, you are requested to produce the documents as they are kept in the ordinary course of business, or to produce them organized and labeled to correspond with the categories of documents identified below.

If you are unable to produce any document requested, you must provide written verification, sworn under penalty of perjury, that a diligent search and reasonable inquiry has been made in an effort to comply with the request. You shall also specify in such written verification whether the inability to comply is because the particular item or category never existed, has been destroyed, has been lost, misplaced or stolen, or has never been, or is no longer, in your possession, custody or control. You must also state, for each document or category of documents, the name and address of any person known or believed by you to have possession, custody or control of such document or category of documents.

If you object to producing an item or category of items, or part of an item or category of items, you are requested to (i) identify with particularity any documents which you are withholding based upon such objection, and (ii) set forth clearly the extent of and the specific ground(s) for the objection. No document should be marked as attorney-client privileged, or withheld from production on the basis of privilege because this document request is made by a client in connection with client files.

## EXHIBIT B

1.      All member or manager minutes for Wohali Partners generated or created between January 1, 2022 and the Petition Date.

2.      An accounting of all transfers of money or property from the Debtor to Wohali Partners between January 1, 2022 and the Petition Date.

3.      An accounting of all transfers of money or property from Wohali Partners to the Debtor between January 1, 2022 and the Petition Date.

4.      An accounting of all debts incurred by Wohali Partners related to the Wohali Project that are currently unpaid, and backup documentation supporting such debts.

5.      An accounting of all revenues and expenses related to the Debtor's golf course for the period of January 1, 2022 through the Petition Date.

6.      And accounting of and all records evidencing the transfer of money or property between the Debtor and Wohali Partners or any of the other Non-Debtor Wohali Entities between January 1, 2022 and the Petition Date.

7.      All contracts or agreements between the Debtor and Wohali Partners or any of the other Non-Debtor Wohali Entities that were either entered into or were in force between January 1, 2022 and the Petition Date.

8.      All invoices from Wohali Partners or any of the other Non-Debtor Wohali Entities to the Debtor referring or relating to the Wohali Project, including all backup detail for such invoices.

9.      All records evidencing or substantiating the transfer of EB5 loan funds to Wohali Partners or any other Non-Debtor Wohali Entities, including information regarding the business purpose or justification for the transfer.

10.      An accounting of all expenses of Wohali Partners paid with EB5 Loan funds.

11.      All promissory notes or loan agreements between the Debtors and any of (a) Wohali Partners, (b) any of the other Non-Debtor Wohali Entities, (c) David Boyden, or (d) John Kaiser, and an accounting of all funds loaned under such notes or agreements and all payments made under such notes or agreements.

12.      An organization chart for the Debtor and all Non-Debtor Wohali Entities who engage in activities related to the Wohali Project, including a description of the business activities engaged in by such entities related to the Wohali Project.

13.      All construction contracts or agreements between the Debtor and any Non-Debtor Wohali Entities, including but not limited to Wohali Partners.

14.      All documents referring to, relating to or evidencing the acquisition by Wohali Partners of the 100% membership interest in the Debtor.

15.      All lease or other agreements between the Debtor and any Non-Debtor Wohali Entities (including Wohali Partners) related to golf course operations, maintenance and/or memberships.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination   (Page 8)

16.     All lease or other agreements between the Debtor or any Non-Debtor Wohali Entities (including Wohali Partners) and any third parties related to golf course operations, maintenance and/or memberships.

17.     A description of all membership terms for the period of January 1, 2022 through the Petition Date (e.g., initiation fees, dues requirements, privileges), and any changes to such terms during that period.

18.     A full roster of golf club members, including an accounting of all dues paid and any dues still owed.

19.     An accounting of all proceeds received from memberships, including both initiation fees and recurring dues, and an accounting of the uses of such proceeds.

20.     All documents concerning the current status of construction for all utilities and infrastructure required for the Wohali Project.

21.     All contracts or agreements entered into or in force between January 1, 2025 and the Petition Date related to the sale or potential sale of any land lots or village units.

22.     All communications generated between January 1, 2025 and the Petition Date related to the sale or potential sale of any land lots or village units.

23.     Documentation as to the current construction completion status of all village units, and current budget information for completion of construction of all village units.

B2540  (Form 2540 – Subpoena for Rule 2004 Examination (12/15)

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF UTAH

In re  **WOHALI LAND ESTATES, LLC**
               Debtor.

Case No. <u>25-24610 PH</u>

Chapter       <u>11</u>

### SUBPOENA FOR RULE 2004 PRODUCTION OF DOCUMENTS

TO:     **Wohali Resort, Inc.**
        **c/o David Boyden, Registered Agent**
        **PO Box 438**
        **Coalville, UT 84017**

        **Wohali Resort, Inc.**
        **c/o David Boyden, Registered Agent**
        **5533 Lillehammer Lane**
        **Park City, UT 84098**

*(Name of person to whom the subpoena is directed)*

☐ *TESTIMONY:* YOU ARE COMMANDED to appear at the time, date and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
|  |  |

☒ *PRODUCTION:* You must produce on or before **2:00 p.m. on September 24, 2025,** at the law offices of Ray Quinney & Nebeker, P.C. at 36 South State Street, Suite 1400, Salt Lake City, Utah 84111, the following documents, electronically stored information or objects, and must permit inspection, copying, testing, or sampling of the material:

### SEE EXHIBITS "A" AND "B" ATTACHED HERETO.

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – rule 45 (c), relating to the place of compliance; Rule 45 (d), relating to our protection as a person subject to a subpoena; and Rule 45(e) and 45 (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE 9/5/25 |
|---|---|
| MICHAEL R. JOHNSON<br>RAY QUINNEY & NEBEKER P.C.<br>36 South State Street, Suite 1400<br>Salt Lake City, UT  84111<br>801-532-1500 |  |

*Attorneys for EB5AN Wohali Utah Fund XV, LP*

B2540 (Form 2540 – Subpoena for Rule 2004 Examination. (Page 2)

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
## (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 - Subpoena for Rule 2004 Examination - Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or

     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

B2540 (Form 2540 – Subpoena for Rule 2004 Examination.   [Page 4)

# EXHIBIT A

## Definitions

The following definitions apply to all requests contained herein and in Exhibit "B":

The term "**Debtor**" means Wohali Land Estates, LLC, the Chapter 11 debtor in the Case No. 25-24610 now pending in the United States Bankruptcy Court for the District of Utah, and all of its members, managers and agents.

The terms "**you**" and "**your**" means the person or entity to whom this Subpoena is directed, and all of that person's or entity's agents, representatives, affiliates, subsidiaries and sister companies.

The term "**Petition Date**" means August 8, 2025.

The term "**EB5**" means EB5AN Wohali Utah Fund XV, LP.

The term "**Wohali Association**" means Wohali Master Owners Association, a Utah nonprofit corporation, and includes all of its officers and directors.

The term "**Wohali Resort**" means Wohali Resort, Inc., an administratively dissolved Utah corporation, and includes all of its officers and directors.

The term "**Wohali Builders**" means Wohali Builders LLC, an administratively dissolved Utah limited liability company, and includes all of its members and managers.

The term "**Wohali Realty**" means Wohali Realty, LLC, a delinquent Utah limited liability company, and includes all of its members and managers.

The term "**Wohali Master Builders**" means Wohali Master Builders, LLC, a Utah limited liability company, and includes all of its members and managers.

The term "**Wohali Village Association**" means Wohali Village I Owners Association, Inc., a Utah nonprofit corporation, and includes all of its officers and directors.

The term "**Wohali Utility**" means Wohali Utility, LLC, a Utah limited liability company, and includes all of its members and managers.

The term "**Wohali Holdings**" means Wohali Holdings, LLC, an administratively

dissolved Utah limited liability company, and includes all of its members and managers.

The term "**Wohali Stonehaven**" means Wohali Stonehaven Holdings, LLC, a Utah limited liability company, and includes all of its members and managers.

The term "**Wohali Partners**" means Wohali Partners LLC, a Utah limited liability company, and includes all of its members and managers.

The term "**Non-Debtor Wohali Entities**" refers to each and all, as applicable, of Wohali Association, Wohali Resort, Wohali Builders, Wohali Realty, Wohali Master Builders, Wohali Village Association, Wohali Utility, Wohali Holdings, Wohali Stonehaven and Wohali Partners, and includes all of their officers, directors, managers and members, as applicable.

The term "**Wohali Project**" means that certain planned development located in or near Coalville, Utah which development will ultimately consist of a single-family home golf community consisting of approximately 428 residences, a golf course and clubhouse, a lodge, and other amenities on 32 parcels of land totaling approximately 5,064 acres located in Morgan and Summit County, Utah.

The term "**document**" is used in its customary broad sense and shall include, but not be limited to, every writing and record of every type and description, whether or not in the possession, custody or control of you, your agents, attorney or representatives, including, but not limited to, correspondence, including email correspondence, memoranda, interoffice communications, written notes, telegrams, minutes of directors' or committee meetings, reports, contracts, deeds, options, amendments and addenda to contracts and options, licenses, invoices, ledgers, books of account, journals, vouchers, bank checks, charge slips, account reports, receipts, working papers, charts, graphs, indexes, statistical records, stenographers' notebooks, calendars, appointment books, diaries, timesheets, data sheets, statements, papers, bids, estimates, computer printouts, tapes and records of all types, resumes, microfilms, studies, books, pamphlets, schedules, and any preliminary drafts of any of the aforementioned categories of documents, photographic prints, transparencies, moving pictures, voice recordings and every other device or medium on which or through which information of any type is transmitted, recorded or preserved and things similar to any of the foregoing, regardless of their author of origin, of any kind, however denominated.

The term "**document**" also means a copy, where the original is not in your possession, custody or control, and every copy of a document, if such copy is not an identical duplicate of the original.

The term "**communication**" means the conveyance of information between or among persons by any means.

The term "**including**" means "including but not limited to."

The terms "**or**" and "**and**" each mean "and/or."

The term "**relating**" means (in addition to its plain dictionary meaning), concerning, referring to, describing, evidencing, supporting, substantiating, disproving, invalidating, refuting,

B2540 (Form 2540 - Subpoena for Rule 2004 Examination. (Page 6)

contradicting, negating, controverting, and/or consulting.

## Instructions

The documents requested are those currently in your possession, custody, or control, actual or constructive, up to and including the date of your production, including those in the possession, custody or control of any other person acting on your behalf, including without limitation your employees, agents, accountants, auditors, attorneys, consultants or other persons.

As to each request, you are requested to produce the documents as they are kept in the ordinary course of business, or to produce them organized and labeled to correspond with the categories of documents identified below.

If you are unable to produce any document requested, you must provide written verification, sworn under penalty of perjury, that a diligent search and reasonable inquiry has been made in an effort to comply with the request. You shall also specify in such written verification whether the inability to comply is because the particular item or category never existed, has been destroyed, has been lost, misplaced or stolen, or has never been, or is no longer, in your possession, custody or control. You must also state, for each document or category of documents, the name and address of any person known or believed by you to have possession, custody or control of such document or category of documents.

If you object to producing an item or category of items, or part of an item or category of items, you are requested to (i) identify with particularity any documents which you are withholding based upon such objection, and (ii) set forth clearly the extent of and the specific ground(s) for the objection. No document should be marked as attorney-client privileged, or withheld from production on the basis of privilege because this document request is made by a client in connection with client files.

# EXHIBIT B

1.      An accounting of all transfers of money or property from the Debtor to Wohali Resort between January 1, 2022 and the Petition Date.

2.      An accounting of all transfers of money or property from Wohali Resort to the Debtor between January 1, 2022 and the Petition Date.

3.      An accounting of all Wohali Resort expenses paid by the Debtor between January 1, 2022 and the Petition Date.

4.      An accounting of all debts incurred by Wohali Resort related to the Wohali Project that are currently unpaid, and backup documentation supporting such debts.

5.      An accounting of all revenues and expenses related to the Debtor's golf course for the period of January 1, 2022 through the Petition Date.

6.      And accounting of and all records evidencing the transfer of money or property between the Debtor and Wohali Resort or any of the other Non-Debtor Wohali Entities between January 1, 2022 and July 31, 2025.

7.      All contracts or agreements between the Debtor and Wohali Resort or any of the other Non-Debtor Wohali Entities that were either entered into or were in force between January 1, 2022 and the Petition Date.

8.      All invoices from Wohali Resort or any of the other Non-Debtor Wohali Entities to the Debtor referring or relating to the Wohali Project, including all backup detail for such invoices.

9.      All records evidencing or substantiating the transfer of EB5 loan funds to Wohali Resort or any other Non-Debtor Wohali Entities, including information regarding the business purpose or justification for the transfer.

10.     An accounting of all expenses of Wohali Resort paid with EB5 Loan funds.

11.     All promissory notes or loan agreements between the Debtors and any of (a) Wohali Resort, (b) any of the other Non-Debtor Wohali Entities, (c) David Boyden, or (d) John Kaiser, and an accounting of all funds loaned under such notes or agreements and all payments made under such notes or agreements.

12.     An organization chart for the Debtor and all Non-Debtor Wohali Entities who engage in activities related to the Wohali Project, including a description of the business activities engaged in by such entities related to the Wohali Project.

13.     All construction contracts or agreements between the Debtor and any Non-Debtor Wohali Entities, including but not limited to Wohali Resort.

14.     All documents referring to, relating to or evidencing the acquisition by Wohali Partners of the 100% membership interest in the Debtor.

15.     All lease or other agreements between the Debtor and any Non-Debtor Wohali Entities (including Wohali Resort) related to golf course operations, maintenance and/or memberships.

B2540 (Form 2540 - Subpoena for Rule 2004 Examination   (Page 8)

16.     All lease or other agreements between the Debtor or any Non-Debtor Wohali Entities (including Wohali Resort) and any third parties related to golf course operations, maintenance and/or memberships.

17.     A description of all membership terms for the period of January 1, 2022 through the Petition Date (e.g., initiation fees, dues requirements, privileges), and any changes to such terms during that period.

18.     A full roster of golf club members, including an accounting of all dues paid and any dues still owed.

19.     An accounting of all proceeds received from memberships, including both initiation fees and recurring dues, and an accounting of the uses of such proceeds.

20.     All documents concerning the current status of construction for all utilities and infrastructure required for the Wohali Project.

21.     All contracts or agreements entered into or in force between January 1, 2025 and the Petition Date related to the sale or potential sale of any land lots or village units.

22.     All communications generated between January 1, 2025 and the Petition Date related to the sale or potential sale of any land lots or village units.

23.     Documentation as to the current construction completion status of all village units, and current budget information for completion of construction of all village units.