David W. Newman (USB #15901)
Assistant United States Trustee
Matthew J. Burne (USB #18605)
Trial Attorney
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
Washington Federal Bank Building
405 South Main Street, Suite 300
Salt Lake City, UT 84111
Telephone: (801) 524-5734
Facsimile: (801) 524-5628
E-mail: Matthew.Burne@usdoj.gov

Attorneys for Gregory M. Garvin
Acting United States Trustee, Region 19

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| In re: | Bankruptcy Case No. 25-24610 |
| WOHALI LAND ESTATES, LLC, | Chapter 11 |
| Debtor. | Hon. Peggy Hunt |

# UNITED STATES TRUSTEE'S LIMITED OBJECTION TO THE APPLICATION OF MATT MCKINLAY, CHAPTER 11 TRUSTEE, FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT OF BERKELEY RESEARCH GROUP, LLC AS SOLVENCY EXPERT (Dkt. 672).

The Acting United States Trustee ("UST) hereby file this Limited Objection to the Application of Matt McKinlay, Chapter 11 Trustee, for Entry of an Order Authorizing the Employment of Berkeley Research Group, LLC as Solvency Expert (Dkt. 672, "BRG Employment Application"). The UST represents as follows:

1. On August 8, 2025, Wohali Land Estates, LLC ("Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq* (the "Bankruptcy Code").[1]

2. On September 30, 2025, the UST filed a Notice of Appointment of Matthew McKinlay (the "Trustee") as the Chapter 11 Trustee in this case, and the Court approved this appointment on October 9, 2025 (Dkts. 88 and 102).

3. On October 6, 2025, the Trustee filed an Application to Employ, seeking to employ Ampleo Turnaround and Restructuring, LLC ("Ampleo") as his Financial Advisor (Dkt. 94) and on October 30, 2025, the Trustee filed a Supplemental Application to Employ Ampleo. (Dkt. 141, "Supplemental Ampleo Application").

4. The Supplemental Ampleo Application sought to employ Ampleo to perform the following services to the Trustee, amongst other services:

a. Analyzing the business, assets, liabilities, and financial affairs of the Debtor and the Estate;

b. Assisting the Trustee in investigating potential claims and causes of actions against various parties;

c. Pursuing any claims and causes of action of the Estate, including, but not limited to Chapter 5 avoidance claims and any state-law claims;

d. Performing all other necessary financial services as may be required by the needs of the Trustee in the Bankruptcy Case.

Supplemental Ampleo Application ⁋ 10.

---

[1] Use of "section" or "§" herein refers to the applicable section of the Bankruptcy Code unless otherwise stated.

5. The Court approved Ampleo's employment on November 7, 2025 (Dkt. 155).

6. On May 20, 2026, Ampleo filed the Fee Application seeking compensation in the amount of $429,968.75 and expense reimbursements of $13,703.53. (Dkt. 530).

7. On June 22, 2026, the Court entered an Order allowing Ampleo interim compensation in the amount of $425,233.50 expense reimbursements of $13,703.53. (Dkt. 626).

8. On October 7, 2026, the Trustee filed the BRG Employment Application, seeking to employ Berkley Research Group, LLC ("BRG") as his "solvency expert" and to assist on related litigation support matters. *See* BRG Employment Application ⁋ 7. The Trustee also explains that "BRG shall render assistance in analyzing the Debtor's solvency prepetition and related litigation support." *Id.* at ⁋ 9.

9. In the Declaration of Paul N. Shields (Dkt. 672-1, "Sheilds Declaration") filed in support of the BRG Employment Application, Mr. Sheilds indicates that: "The professional services that the Firm will render to the Trustee will be those deemed reasonably necessary and appropriate to assist the Trustee in his prosecution of estate claims against third-parties, including an analysis of the Debtor's prepetition solvency at the time of certain transfers." Shields Declaration ⁋ 7.

10. However, neither the BRG Employment Application nor the Sheilds Declaration provide any detail as to why the "solvency expert" services are necessary to assist the Trustee in

carrying out his duties, especially when Ampleo has been employed in this case to provide what appear to be the same services BRG is proposed to provide.

11. The UST communicated the issues raised herein to the Trustee's counsel prior to filing this Limited Objection and anticipates that supplemental filings may enlighten the Court and the parties in interest as to the need for employing BRG and adding another layer of administrative expenses to this case.

**LIMITED OBJECTION**

12. § 327(a) provides in relevant part that

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

13. Courts have applied a "reasonable and necessary" test when determining whether to authorize the employment of professionals under §327(a). *See* 3 COLLIER ON BANKRUPTCY P 327.02 ("The determinative question in approving the employment of a professional person is whether it is reasonably necessary during the administration of the estate to have professional persons, such as attorneys or accountants, employed.") (citing *In re Computer Learning Ctrs., Inc.*, 272 B.R. 897 (Bankr. E.D. Va. 2001); *In re Kingsway Purchasing*, 69 B.R. 713 (Bankr. E.D. Mich. 1987); *In re The Bible Speaks*, 67 B.R. 426 (Bankr. D. Mass. 1986); *In re Rheam of Indiana, Inc.*, 111 B.R. 87, 100 (Bankr. E.D. Pa. 1990), *aff'd in part*, *vacated in part*, 133 B.R. 325 (E.D. Pa.

1991); *In re* Jarvis, 53 F.3d 416, 420 (1st Cir. 1995) (noting a court should not blindly appoint counsel only to have to cut fees later if not deemed reasonable and necessary). Indeed, professionals should not be employed unless their skills "are necessary for the protection and benefit of the estate or will further the aims of the case." *Id.* (citations omitted).

14. While the UST does not object to the Trustee retaining professionals, the UST objects to the employment of BRG based on the BRG Employment Application because it does not articulate why this additional professional is necessary and how it will benefit the estate. Particularly in light of the fact that Ampleo has already been employed to provide what appears to be the very same services.

15. Ampleo has been employed in this case for one year and is presumably intimately familiar with the Debtor's financial history and books and records. The estate has already incurred $425,000 in fees which, in part, was compensation related to Ampleo getting familiar with this case and the Debtor's financials. Accordingly, it appears duplicative and unnecessary to bring in BRG to do the very same tasks. Incurring such additional administrative expenses appears to be to the detriment, rather than the benefit, of the estate, tending this case towards a *Jarndyce and Jarndyce* scenario.

16. Accordingly, the UST objects to the employment of BRG by the Trustee, unless and until the Trustee presents additional information and authority to demonstrate why this employment is reasonable and necessary to aid him in performing his duties and how it will benefit the estate.

WHEREFORE, based on the foregoing, the UST requests that the Court deny the relief sought in the BRG Employment Application in its current form and without further supplementation by the Trustee to address the issues raised herein.

Date: October 7, 2026

ACTING UNITED STATES TRUSTEE
Gregory M. Garvin

By: /s/ *Matthew J. Burne*
MATTHEW J. BURNE
Attorney for the Acting United States Trustee

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on October 7, 2026, I caused a true and correct copy of the foregoing document to be electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system, as noted below:

- **David P. Billings** dbillings@fabianvancott.com, cbuhler@fabianvancott.com
- **Bryan H Booth** bryan@mountainwestlaw.com, lisa@mountainwestlaw.com
- **Scott S Bridge** sbridge@keslerrust.com
- **Matthew James Burne** matthew.burne@usdoj.gov, Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov;Brittany.Dewitt@usdoj.gov
- **Ryan C. Cadwallader** rcadwallader@kmclaw.com, twhite@kmclaw.com
- **P. Matthew Cox** mcox@spencerfane.com, tking@spencerfane.com
- **Michael Allen Gehret** mike.gehret@dentons.com, kim.altamirano@dentons.com
- **Patricia Geary Glenn** pgearyglenn@gmail.com
- **Nicholas Hagen** nhagen@rqn.com, ecasaday@rqn.com;docket@rqn.com
- **Jason W. Hardin** jhardin@fabianvancott.com, cbuhler@fabianvancott.com,aknief@fabianvancott.com
- **Carson Heninger** heningerc@gtlaw.com, carson-heninger-5642@ecf.pacerpro.com,Candy.Long@gtlaw.com
- **George B. Hofmann** ghofmann@ck.law, mparks@ck.law;enilson@ck.law
- **Annette W. Jarvis** jarvisa@gtlaw.com, longca@gtlaw.com
- **Michael R. Johnson** mjohnson@rqn.com, docket@rqn.com;ecasaday@rqn.com;RQN@ecfalerts.com
- **Penrod W. Keith** penrod.keith@dentons.com, kristin.hughes@dentons.com
- **Thomas E. Kessinger** tkessinger@agutah.gov
- **Justin J. Keys** justin@hlhparkcity.com, nancy@hlhparkcity.com
- **Bryce L. Krieger** bryce.krieger@dentons.com
- **Trevor C Lang** tclang@agutah.gov, staff@mohtrial.com
- **Matt McKinlay** mmckinlay@ampleo.com
- **Justin A. Nance** justin.nance@dentons.com
- **Matt C. Osborne** matt@oblawpc.com
- **Ellen E. Ostrow** eostrow@foley.com, ellen-ostrow-4512@ecf.pacerpro.com;docketflow@foley.com;rgledhill@foley.com;geysa.peeler@foley.com;elisha.burton@foley.com
- **Douglas J. Payne** dpayne@fabianvancott.com, lwilson@fabianvancott.com;dadamson@fabianvancott.com
- **Charles Louis Pearlman** charles@hlh.law
- **Mark C. Rose** mrose@rqn.com, docket@rqn.com;jsears@rqn.com
- **Brian M. Rothschild** brothschild@parsonsbehle.com, ecf@parsonsbehle.com;docket@parsonsbehle.com

- **Jeffrey Weston Shields** jshields@rqn.com, 5962725420@filings.docketbird.com;docket@rqn.com;HVanLeeuwen@rqn.com
- **Jeremy C. Sink** jsink@kmclaw.com, mcarlson@kmclaw.com
- **J. Craig Smith** jcsmith@shutah.law
- **Andrew James Somers** asomers@parsonsbehle.com, ecf@parsonsbehle.com
- **Abigail Jennifer Stone** abigail.stone@gtlaw.com
- **Engels Tejeda** ejtejeda@hollandhart.com, slclitdocket@hollandhart.com,intaketeam@hollandhart.com;jjbutton@hollandhart.com
- **Jeffrey L. Trousdale** jtrousdale@cohnekinghorn.com, mparks@ck.law;enilson@ck.law
- **United States Trustee** USTPRegion19.SK.ECF@usdoj.gov

**Manual Notice List**

**Michael Begley**
Utah Attorney General's Office
1594 West North Temple
Suite 300
Salt Lake City, UT 84116

**Berkeley Research Group**
201 South Main Street, Suite 450
Salt Lake City, UT 84111

**Andrew G. Dietderich**
125 Broad Street
New York, NY 10004-2498

**Empire Turf, Inc.**
,

**Nicholas S. Hagen**
Ray Quinney & Nebeker P.C.
36 South State Street
14th Floor
Salt Lake City, UT 84111

**Mark L. Radtke**
Foley & Lardner LLP
321 N Clark Street

Suite 3000
Chicago, IL 60654

*/s/ Brittany DeWitt*